UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GEORGE STEVEN MCCAY, | ) | Case No. CV 15-1963-JLS (JEM) |
| Petitioner, | ) | |
| | ) | **ORDER SUMMARILY DISMISSING** |
| v. | ) | **PETITION** |
| JOHN SOTO, Warden, | ) | |
| Respondent. | ) | |

On March 17, 2015, George Steven McCay ("Petitioner"), a prisoner in state custody proceeding pro se, filed a petition for writ of habeas corpus ("Petition"). Because Petitioner does not attempt to challenge either his conviction or the length of his sentence, the Court dismisses the Petition without prejudice.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, a district court may summarily dismiss a habeas corpus petition, before the respondent files an answer, "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." The notes to Rule 4 state: "'a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition.'" See Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989).

1    "Traditionally, challenges to prison conditions have been cognizable only via [42

2    U.S.C.] § 1983 while challenges implicating the fact or duration of confinement must be

3    brought through a habeas petition."  Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004);

4    see also Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) (a civil rights action under § 1983

5    "is a proper remedy for a state prisoner who is making a constitutional challenge to the

6    conditions of his prison life, but not to the fact or length of his custody"); Badea v. Cox, 931

7    F.2d 573, 574 (9th Cir. 1991) (prisoner should challenge "legality or duration" of confinement

8    in habeas corpus proceeding and challenge conditions of confinement in civil rights action).

9    In his Petition, Petitioner complains that prison officials stole his personal property and

10   barred his access to a grievance procedure in relation to the alleged property theft.  The

11   petition does not attempt to challenge either Petitioner's conviction or the length of his

12   sentence.  Success in this action would not result in his release or any change in his

13   sentence.  Where, as here, a successful challenge to a prison condition or to action by a

14   prison official will not necessarily shorten the prisoner's sentence, a civil rights action under

15   42 U.S.C. § 1983 is proper and habeas jurisdiction is absent.  See Ramirez v. Galaza, 334

16   F.3d 850, 859 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004); see also Badea, 931 F.2d

17   at 574; Crawford v. Bell, 599 F.2d 890, 891-92 & n. 1 (9th Cir. 1979) (affirming dismissal of

18   habeas petition because challenges to terms and conditions of confinement must be

19   brought as civil rights complaint).

20       A habeas petition may be construed as a Section 1983 civil rights complaint, but a

21   court is not required to do so.  Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (per

22   curiam), superceded by statute on other grounds as recognized in Woodford v. Ngo, 548

23   U.S. 81, 84 (2006); see, e.g., Zavala v. Copenhaver, 2014 WL 4249627, at *3 (E.D. Cal.

24   2014).  Here, the Court declines to construe the Petition as a civil rights complaint.  As an

25   initial matter, there are significant differences in the procedures undertaken in habeas

26   proceedings and civil rights actions.  Notably, since the time when the Wilwording case was

27   decided, there have been significant changes in the law.  For instance, the filing fee for a

28   habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is

1    forgiven.  However, the fee is now $350 for civil rights cases and under the Prisoner

2    Litigation Reform Act, the prisoner is required to pay it by way of deductions from income to

3    the prisoner's trust account, even if granted in forma pauperis status.  See 28 U.S.C. §

4    1915(b)(1).  A prisoner who might be willing to file a habeas petition for which he or she

5    would not have to pay a filing fee might feel otherwise about a civil rights complaint for

6    which the $350 fee would be deducted from income to his or her account.  Also, a civil rights

7    complaint which is dismissed as malicious, frivolous, or for failure to state a claim would

8    count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

9         Moreover, even though conditions of confinement claims should be brought in a civil

10   rights action rather than a habeas action, the particular claimed unlawful conditions here are

11   not actionable.  Where a prisoner alleges the deprivation of a property interest caused by

12   the unauthorized action of a prison official, there is no claim cognizable under 42 U.S.C. §

13   1983 if the state provides an adequate post-deprivation remedy.  See Zinermon v. Burch,

14   494 U.S. 113, 129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984).  An available

15   state common law tort claim procedure to recover the value of property is an adequate

16   remedy.  See Zinermon, 494 U.S. at 128-29, 110 S.Ct. at 985.  Here, the availability of a

17   common law tort claim in California state court for the negligent or intentional loss of his

18   property renders Plaintiff's claim non-cognizable under § 1983.  Furthermore, inmates have

19   no separate constitutional right to a prison grievance or appeal system, see Ramirez, 334

20   F.3d at 860; Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), and Plaintiff's claims arising

21   from the alleged improper handling of his grievances are thus not cognizable. See, e.g.,

22   Schwarz v. Meinberg, 2013 WL 6869386, at *3-*4 (C.D. Cal. 2013) (plaintiffs' allegations of

23   a non-functioning grievance system held not cognizable).

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1        Based on the foregoing, IT IS ORDERED THAT the Petition is **dismissed without**

2   **prejudice**.

3

4   DATED: March 24, 2015.

5                                    JOSEPHINE L. STATON
                                  UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28